# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHARLES EUGENE FRANKLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 3:16-cv-01196 |
| ) | CHIEF JUDGE CRENSHAW |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court are the Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. Nos. 1, 2); an Amended Motion For Relief Under 28 U.S.C. § 2255 (Doc. No. 12), filed by counsel for the Petitioner; the Government's Response (Doc. No. 25); a Second Amended Motion For Relief Under 28 U.S.C. § 2255 (Doc. No. 33); the Government's Response To Petitioner's Second Amended Motion (Doc. No. 42); and the Petitioner's Reply (Doc. No. 43). For the reasons set forth herein, the Petitioner's Motions Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. Nos. 1, 2, 12, 33) are DENIED, and this action is DISMISSED.

### II. Procedural and Factual Background

The Petitioner was initially charged with unlawful possession of a firearm by a convicted felon (Count One), and possession with intent to distribute cocaine and cocaine base (Count Two). (Doc. No. 10 in Case No. 3:13cr00214). Through the issuance of a Superseding Indictment, the Petitioner was charged with five more drug trafficking counts, and Count Two was amended to add a specific amount – 28 grams or more – of cocaine base. (Doc. No. 21 in Case No. 3:13cr00214).

Pursuant to 21 U.S.C. § 851, the Government filed an Information Alleging Prior Felony Drug Conviction (Doc. No. 40 in Case No. 3:13cr214), indicating that the Petitioner had a prior Tennessee drug trafficking conviction that subjected him to an enhanced sentence on the drug trafficking charges. Specifically, the Government alleged that the Petitioner was subject to a sentence of 10 years to life imprisonment on the first drug trafficking count, and to a maximum sentence of 30 years on the other drug trafficking counts. (Id.)

Counsel for the Petitioner in the criminal case filed a motion to suppress on his behalf, which now-retired Judge Todd J. Campbell denied after holding an evidentiary hearing. (Doc. Nos. 26, 35, 42, 44 in Case No. 3:13cr00214). The Petitioner subsequently pled guilty to Counts One and Two. (Doc. Nos. 50, 51, 80 in Case No. 3:13cr00214). Through the Plea Agreement, the Government agreed to dismiss the remaining counts at sentencing and to withdraw the Section 851 Information, and the Petitioner agreed that the conduct charged in the dismissed counts would be considered relevant conduct for purposes of sentencing. (Doc. No. 51, at 10-11, in Case No. 3:13cr00214). The parties also agreed that the Petitioner would retain his right to appeal the denial of his suppression motion. (Id., at 17).

At the subsequent sentencing hearing, on May 27, 2015, Judge Campbell accepted the determination of the Probation Office in the Presentence Investigation Report (Doc. No. 76, at ¶ 24, in Case No. 3:13cr00214) that the Petitioner's base offense level was 24 under U.S.S.G. § 2K2.1 because he had prior Tennessee convictions for Aggravated Burglary, Possession of Over .5 Grams of Cocaine With Intent to Distribute, and Felony Evading Arrest. (Doc. No. 81, at 4, in Case No. 3:13cr00214). Judge Campbell also concluded that the Petitioner was a career offender based on the same prior convictions, which resulted in a total offense level of 31. (Id., at 4-5; Doc. No. 76, at ¶ 31). Because the Petitioner had 21 criminal history points, Judge Campbell determined that he

fell within category VI without regard to the career offender designation. (Id., at 6; Doc. No. 76, at ¶ 49). Based on a criminal history category of VI and a total offense level of 31, Judge Campbell calculated the Petitioner's advisory guideline range as 188 to 235 months of imprisonment, noting that the Petitioner was subject to a five-year mandatory minimum sentence on Count Two based on the charged quantity of cocaine base. (Id., at 6).

Counsel for the Petitioner called the Petitioner's sister to testify on his behalf at the sentencing hearing, and requested a downward variance to 130 to 162 months of imprisonment. (Id., at 8-17; 20-26). The Government requested a sentence of 200 months. (Id., at 18). After considering the arguments of the parties, Judge Campbell rejected the suggestions of both sides, and determined that a sentence at the bottom of the guideline range – 188 months – was the appropriate sentence. (Id., at 27-36). Specifically, Judge Campbell sentenced the Petitioner to 120 months on Count One and 188 months on Count Two, to be served concurrently. (Id., at 32; Doc. Nos. 70, 71 in Case No. 3:13cr00214).

Counsel for the Petitioner appealed the denial of the suppression motion, and the Sixth Circuit affirmed. (Doc. No. 77 in Case No. 3:13cr00214).

### III. Analysis

A. The Petitioner's Claims

Through his various Motions, the Petitioner raises claims based on Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) and Mathis v. United States, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), as well as an ineffective assistance of counsel claim.

B. The Section 2255 Remedy

28 U.S.C. Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected:

3

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In order to obtain relief under Section 2255, the petitioner must demonstrate constitutional error that had a "'substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Hamblen v. United States, 591 F.3d 471, 473 (6th Cir. 2009)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

The court should hold an evidentiary hearing in a Section 2255 proceeding where a factual dispute arises, unless the petitioner's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013)(quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). In addition, no hearing is required where "the record conclusively shows that the petitioner is entitled to no relief." Arredondo, 178 F.3d at 782 (quoting Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996)). See also Fifer v. United States, 660 F. App'x 358, 359 (6th Cir. Aug. 22, 2016).

Having reviewed the pleadings, briefs and records filed in the Petitioner's underlying criminal case, as well as the pleadings, briefs and records filed in this case, the Court finds that it need not hold an evidentiary hearing in this case to resolve the Petitioner's claims. The record conclusively establishes that the Petitioner is not entitled to relief on his claims for the reasons set forth herein.

C.  Johnson v. United States

The Petitioner contends that his sentence should be vacated based on the Supreme Court's decision in Johnson v. United States, __ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" as follows, with the residual clause set forth in italics:

> (2) As used in this subsection–
>
> * * *
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added). In Welch v. United States, 136 S.Ct. 1257 (2016), the Supreme Court held that the Johnson decision announced a substantive rule that applies retroactively on collateral review.

Several courts have applied the Johnson decision to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the Sentencing Guidelines. See, e.g., United States v. Pawlek, 822 F.3d 902 (6th Cir. 2016). Relying on this reasoning, the Petitioner argues that

5

the Johnson decision invalidates his sentence because the residual clause of the career offender guideline was applied to enhance his sentence. When the Petitioner was sentenced, Sentencing Guideline Section 4B1.2(a), the career offender guideline, defined "crime of violence" as follows, with the residual clause set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

(emphasis added).[1] In the absence of the residual clause, the Petitioner contends, his prior convictions for felony evading arrest and aggravated burglary would not otherwise satisfy the "crime of violence" definition, and his sentencing range would be reduced.

In its Response, the Government argues that the Petitioner's claim is barred by the waiver provision in his Plea Agreement, and that his claim is now foreclosed by the Supreme Court's decision in Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886, 891, 197 L. Ed. 2d 145 (2017).

The Court need not consider the Government's waiver argument because the Beckles decision precludes the Petitioner's claim. In Beckles v. United States, 137 S. Ct. at 891, the Supreme Court held that the Johnson decision does not extend to the definitions in the Sentencing Guidelines because the Sentencing Guidelines are advisory, and therefore, not subject to a vagueness challenge

---

[1] Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, deleted the residual clause portion of the definition and replaced it with language that enumerates specific offenses.

under the Due Process clause. See Harris v. United States, 686 F. App'x 345 (6th Cir. 2017)(Applying Beckles to affirm the dismissal of the petitioner's Section 2255 motion to vacate). Thus, even if the Petitioner's prior convictions qualified as "crimes of violence" under the Sentencing Guidelines' residual clause, Beckles holds that application of that provision to enhance his sentence is not unconstitutional. The Petitioner's Johnson claim is without merit.

D. Mathis v. United States

The Petitioner also argues that his prior state drug trafficking and aggravated burglary convictions should not be considered predicate offenses under the career offender guideline in light of the Supreme Court's decision in Mathis v. United States, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). In Mathis, the Supreme Court held that an Iowa burglary conviction did not qualify as a "violent felony" under the ACCA's enumerated offense clause because the Iowa burglary statute is broader than the generic offense of burglary.

The Sixth Circuit has expressly held, however, that the Mathis decision did not announce a new of *constitutional* law, and has not been made retroactively applicable to cases on collateral review. In re: Conzelmann, ___ F.3d ___, 2017 WL 4159184, at *2 (6th Cir. Sept. 20, 2017)(emphasis in original). Thus, the Petitioner's Mathis claim is without merit.

E. Ineffective Assistance of Counsel

The Petitioner also claims that he received the ineffective assistance of counsel in the criminal proceedings. In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

7

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id., at 2052.

The Petitioner argues that his counsel was ineffective because he failed to challenge the Petitioner's classification as a career offender. According to the Petitioner, counsel should have argued that his prior convictions did not satisfy the definitions of "crime of violence" or "controlled substance offense" set forth in the career offender guideline. The specifics of his claim, however, have evolved over time. In his most recent Motion To Vacate, the Petitioner contends that under today's Supreme Court precedent, only his prior conviction for felony evading arrest would qualify under the career offender guideline. The Petitioner argues that his aggravated burglary conviction would no longer qualify as a "crime of violence," and his conviction for possession of over .5 grams of cocaine with intent to distribute would no longer qualify as a "controlled substance offense."

According to the exhibits filed in the record, the Petitioner pled guilty to aggravated burglary, in violation of Tennessee Code Annotated Section 39-14-403, in the Criminal Court of Rutherford County, Tennessee, and was sentenced on June 13, 2000 to four years of incarceration. (Doc. No. 25-1). Section 39-14-403(a) defines aggravated burglary as "burglary of a habitation as

defined in 39-14-401 and 402." Because the definition of "habitation" set forth in Section 39-14-401(1) includes vehicles and moveable structures, the Petitioner argues, "aggravated burglary" is broader than the generic crime of "burglary of a dwelling" for purposes of the career offender "crime of violence" definition. The Sixth Circuit essentially adopted that theory in a recent decision holding that the Tennessee aggravated burglary offense does not constitute generic "burglary" for purposes of the "enumerated offense" portion of the ACCA definition of "violent felony." United States v. Stitt, 860 F.3d 854 (6th Cir. 2017). According to the Petitioner, counsel should have foreseen this development because such an argument had been advanced in various other cases at the time of his sentencing in 2015.

The Court need not determine whether counsel should have foreseen such a development, however, because success on that argument ultimately would not have mattered. The aggravated burglary conviction would have qualified as a "crime of violence," in any event, by way of the residual clause portion of the definition. The Sixth Circuit had essentially reached that conclusion in the 2013 decision of United States v. Brown, 516 F. App'x 461, 464-66 (6th Cir. 2013)("Burglary" under Tenn. Code Ann. § 39-14-402 qualifies as a "violent felony" under the ACCA's residual clause). The court reached the same conclusion in a decision issued the next year. United States v. Moore, 578 F. App'x 550, 554-55 (6th Cir. 2014). See also Terry v. United States, 2017 WL 1843215 (E.D. Tenn. May 5, 2017)(Applying Brown and Moore to hold that Tennessee aggravated burglary falls within the residual clause of the career offender "crime of violence" definition). Counsel was not ineffective for failing to raise a futile argument. See, e.g., Ludwig v. United States, 162 F.3d at 458.

The Petitioner suggests, however, that the Brown decision was undermined by United States v. Lara, 590 F. App'x 574 (6th Cir. 2014), and is contrary to United States v. McFalls, 592 F.3d 707

(6th Cir. 2010). The Court disagrees. In Lara, the court considered the issue of whether the Tennessee aggravated burglary statute constitutes a "crime of violence" under Sentencing Guideline Section 2L1.2. As the court explained in that decision, Section 2L1.2 does not contain a residual clause, and thus "the residual-clause analysis is not applicable to § 2L1.2." 590 F. App'x at 577. The McFalls court held that second degree burglary under South Carolina law does not qualify as a "crime of violence" under the residual clause definition in the career offender sentencing guideline. Neither of these decisions calls into question the holding of Brown, nor do they suggest that counsel was ineffective for failing to challenge the Petitioner's Tennessee aggravated burglary conviction on that basis.

Next, the Petitioner contends that counsel should have challenged his conviction for possession of over .5 grams of cocaine with intent to distribute as satisfying the definition of "controlled substance offense." The career offender guideline defines "controlled substance offense" as follows:

> The term 'controlled substance offense' means an offense under the federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2. According to the Petitioner, the Tennessee statute under which he was convicted, Tennessee Annotated Section 39-17-417(a)(4), encompasses more misconduct than the federal drug trafficking statute, and therefore, his prior conviction could not serve as a career offender predicate offense. As the Court understands his argument, the Petitioner contends that the Tennessee statute defines the term "distribute" to include the act of "administering" a drug, and the federal drug trafficking statute does not include such an act.

In advancing this theory, the Petitioner relies on Mathis v. United States, supra. As discussed

10

above, the Mathis Court held that an Iowa burglary conviction did not qualify as a "violent felony" under the ACCA's enumerated offense clause because the Iowa burglary statute is broader than the generic offense of burglary. In the Court's view, the Mathis decision does not inevitably lead to the conclusion advanced by the Petitioner. See Pittman v. Quintana, 2016 WL 6900788, at *3 (E.D. Ky Nov. 22, 2016)(Mathis does not undermine the conclusion that Tenn. Code Ann. § 39-17-417 is a categorical controlled substance offense for purposes of the career offender guideline). In any event, the Mathis decision was issued on June 23, 2016, over a year after the Petitioner's sentencing hearing, and counsel is not ineffective for failing to predict a change in the law unless it was clearly foreshadowed by existing decisions. See, e.g., Baker v. Voorhies, 392 F. App'x 393, 400 (6th Cir. 2010).

The Petitioner has not cited any case in which this theory has been adopted. Indeed, at the time of the Petitioner's sentencing hearing, the Sixth Circuit had held that a violation Tennessee Code Annotated Section 39-17-417 satisfied the career offender "controlled substance offense" definition. See United States v. Douglas, 563 F. App'x 371, 377 (6th Cir. 2014)(". . . we have always treated a violation of § 39-17-417 as a categorical controlled substance offense" for purposes of the career offender guideline). See also United States v. Alexander, 686 F. App'x 326, 327-28 (6th Cir. Apr. 12, 2017)(same); Williams v. United States, 2017 WL 4018855, at *4-5 (E.D. Tenn. September 12, 2017)(Section 39-17-417 "fall[s] squarely within the express parameters" of the career offender guideline definition of "controlled substance offense.") Thus, the Petitioner has not shown that counsel was ineffective for failing to raise such a challenge.[2]

---

[2] Given the Court's determination that the Petitioner's claims are without merit, it is unnecessary to consider the Government's arguments based on the statute of limitations and the waiver clause of the Plea Agreement.

IV. Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's request for Section 2255 relief should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum, and accompanying Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
Chief United States District Judge